# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-53-TS |
| | ) | |
| TIMOTHY REDD | ) | |

## OPINION AND ORDER

The criminal matter has been through a jury trial, a motion for new trial, direct appeal, habeas corpus petition, and sentence reduction. It is now before the Court on Defendant Timothy Redd's Motion for Reconsideration or Alternatively, Renewed Motion for Modification of Sentence [DE 361], filed on May 21, 2009. For the reasons stated in this Opinion and Order, the Motion will be denied.

**A.    Background**

The Defendant, Timothy Redd, was charged with conspiring with others to distribute crack cocaine from about June 2003 to July 8, 2003 (Count 1). The Defendant was also charged with two counts of possessing with intent to deliver crack cocaine (Counts 2 & 3); using an automobile as a dangerous and deadly weapon to forcibly assault, resist, oppose, impede, intimidate, and interfere with a law enforcement agent who was engaged in his official duties (Count 4); possessing a firearm in furtherance of a drug trafficking crime (Count 5); and transporting in interstate commerce a firearm after being convicted of a felony (Count 6).

On March 15 a jury returned guilty verdicts as to Counts 1, 2, 3, and 4 and not guilty verdicts as to Counts 5 and 6 of the Superceding Indictment. On August 1, 2005, the Court sentenced the Defendant to 405 months imprisonment on Counts 1, 2, and 3, which represented

the high end of the advisory guideline range. The Defendant was sentenced to 240 months imprisonment on Count 4, with all terms to be served concurrently.

In 2007, the Sentencing Commission reduced the base offense levels for crack cocaine offenses and made the changes retroactive, *see* U.S.S.G. § 2D1.1(c) (Appendix C, Amendment 706), pursuant to 18 U.S.C. § 3582(c)(2). In June 2008, the Defendant moved for a reduction in his sentence because the amended guideline provision affected his base offense level. The probation officer prepared an addendum to the Presentence Investigation Report (PSR) to address the impact of the guideline amendment, and reported that the new range was 262 to 327 months imprisonment. The Defendant's court-appointed counsel requested that the new sentence be at the high end of this adjusted guideline range. The Government agreed with the Defendant's and the probation officer's conclusions regarding the modified range, and recommended that the Defendant be sentenced at the maximum of the new range. On July 14, 2008, the Court reduced the Defendant's sentence to 327 months imprisonment.

On May 21, 2009, the Defendant filed his *pro se* Motion for Reconsideration or Alternatively, Renewed Motion for Modification of Sentence. The Defendant maintains that the Court should reconsider its July 14 judgment because the Court did not consider the sentencing factors set forth in § 3553(a) in determining how much of a reduction he was entitled to. Alternatively, the Defendant requests that his Motion be deemed a new § 3582 motion to allow him to present factors that were never considered in the course of the prior proceedings regarding sentence reduction.

**B.      Analysis**

Motions for reconsideration of a final district court order are not specifically authorized by the Federal Rules of Criminal Procedure. *See United States v. Griffin*, 84 F.3d 820, 826 n.4 (7th Cir. 1996) ("There is no authority in the Federal Rules of Criminal Procedure for a 'motion for reconsideration.'"). Courts that have permitted such motion have done so only if they are filed within the time allotted for filing a notice of appeal. *See, e.g., United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992); *United States v. Kalinowski*, 890 F.2d 878, 881 (7th Cir. 1989). Criminal defendants must file a notice of appeal within ten days after the entry of the order being appealed. Fed. R. App. P. 4(b)(1). The Defendant's Motion, filed more than ten *months* after the entry of the order reducing the Defendants' sentence, is untimely. The Defendant cannot avoid this conclusion through his alternative request that his Motion be considered a "renewed" motion for modification of sentence because it is simply another way of obtaining the same relief. Under either scenario, the Defendant is asking the Court to reconsider a question decided in the case in order to effect an alteration of rights already adjudicated, specifically the level of reduction that he was entitled to under § 3582(c)(2) and the crack cocaine amendments. Thus, the Court is under no obligation to consider his Motion.

Even if the Court considered the Motion to be timely, nothing the Defendant has argued persuades the Court to alter its previous judgment and reduce the Defendant's sentence below 327 months.

Section 3582(c)(2) allows, but does not require, a district court to reduce a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2) (identifying circumstances in which "the court

may reduce the term of imprisonment"); *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009) (noting that a § 3582(c)(2) "modification is discretionary even for a defendant whose Guideline range has been retroactively lowered"). Here, the Defendant received a reduction in his sentence that corresponds to the high end of the retroactively-lowered advisory range. The Defendant argues that the Court was not presented with § 3553(a) factors, and that had it been presented with and considered such factors, it would have reduced his sentence to the low end of the corrected range—262 months—instead of the 327 months that he received. He submits that, because the Court did not consider the evidence that would have resulted in a low-end sentence, the judgment was "fundamentally unfair and should be revisited in the interests of justice." (Mot. 3, DE 361.)

Many of the Defendant's arguments in support of a low-end sentence are improper attempts to receive a full resentencing and to modify previous court findings that have no connection to the crack cocaine amendments. Other of his arguments address § 3553(a) factors that the Court already considered in response to the original § 3582(c)(2) motion when it decided that the Defendant's sentence should be reduced from 405 months imprisonment to 327 months imprisonment.

During sentencing, the Court considered the PSR, the evidence submitted at trial, and the arguments presented at the sentencing hearing. The Court made factual determinations by a preponderance of the evidence and sentenced the Defendant to 405 months imprisonment, the maximum of the applicable guideline range. In doing so, the Court ruled on numerous objections that the Defendant made to the PSR. For example, the Defendant challenged the probation officer's assessment of criminal history points for three of his convictions. The Defendant also

made a general objection to using his criminal history to increase his sentence. The Court overruled each of these objections and adopted the PSR findings. The Court also rejected the Defendant's request for a "departure" based on the crack cocaine/power cocaine disparity. The Court determined that, given the serious nature of the offense and the Defendant's criminal history, a sentence below the advisory guideline range would not provide a sentence that was sufficient to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a).

In reducing the Defendant's sentence pursuant to § 3582(c)(2), the Court also considered the § 3553(a) factors to the extent they were applicable, including the kinds of sentences available for the Defendant's offense. *See* 18 U.S.C. § 3553(a)(3). The Defendant's argument that, when considering this factor, the Court should have considered the kinds of sentences available for powder cocaine as opposed to just crack cocaine (Mot. 6–7) is no more persuasive now than it was during sentencing. The Court has already determined that, in this case, the advisory guideline range calculated using the base offense level for crack cocaine is the one that is sufficient, but not greater than necessary, to comply with the purposes of punishment. The Court, in its discretion, continues to find that the Guideline disparity between crack and powder cocaine does not warrant a lower sentence for this Defendant.

The Court is likewise not persuaded by the portion of the Defendant's Motion that addresses the calculation of his criminal history. (Mot. 7–9.) The Defendant asks the Court to make findings related to his criminal history that are inconsistent with its original sentencing findings. In support of his argument, the Defendant cites "the changes Amendment 709 made to § 4A1.2(a) of the Guidelines, which changed the way a sentencing court calculates a defendant's criminal history." (Mot. 8.) Amendment 709 is not listed in § 1B1.10(c) as an amendment that is

5

covered by the policy statement for reducing a term of imprisonment as a result of an amended guideline range. The Court declines the Defendant's invitation for it to ignore the Commission's instruction in § 1B1.10(b)(1) to substitute "only the amendments" listed as covered amendments in subsection (c) when determining the amended guideline range and "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1); *Cunningham*, 554 F.3d at 707, 708 (noting Congress's intent that 3582(c)(2) modifications comport with the Commission's policy statements, which "for all intents and purposes [should] be viewed as part of the statute"); *United States v. Woods*, — F.3d —, 2009 WL 2870621, at *6 (7th Cir. Sept. 9, 2009) (reaffirming that "district courts in § 3582(c)(2) proceedings cannot make findings inconsistent with that of the original sentencing court"). Accordingly, the Court does not find any basis to reconsider the Defendant's criminal history.

Under a heading the Defendant entitles "the nature and circumstances of the offenses and the history and characteristic of the defendant," he asserts that the Court did not consider his post-sentencing history and characteristics when it reduced his sentence to 327 months. The application notes to § 1B1.10 state that a district court "shall consider the nature and seriousness of the danger to any person of the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10 cmt. n. 1(B). The Court notes that the addendum the probation officer prepared pursuant to the crack cocaine amendments states that public safety factors were considered, but "none were noted to adversely impact the matter before the Court." (July 9, 2008, Addendum 3.) The Defendant does not address the public safety factor.

6

The probation officer's addendum also notes that the Defendant had no disciplinary issues and had participated in various educational courses. Although the Court considered the addendum in deciding whether to reduce the Defendant's sentence, the Defendant maintains that the Court was "unable to consider" his "excellent" post-sentencing conduct. (Mot. 4.) The Court does not find that the Defendant's prison record or maintenance of contact with his family warrant a greater reduction than that already granted. The Court expects prisoners to follow rules and his accomplishments do not outweigh the need to provide just punishment for the offense, protect the public from further crimes of the Defendant, and promote respect for the law. Also included in the Defendant's argument regarding his post-sentencing conduct is the curious statement that his record contains no acts of violence since his conviction for burglary over eighteen years ago (in 1990) when he was seventeen years old. In addition to this argument not being limited to post-offense conduct, it distorts the record. Along with the drug offenses for which he seeks a lower sentence, the Defendant has been convicted of using an automobile as a dangerous and deadly weapon to forcibly assault, resist, oppose, impede, intimidate, and interfere with a law enforcement agent who was engaged in his official duties. The Defendant caused a federal agent to jump out of the way to avoid being run over by the Defendant's vehicle, which resulted in the agent discharging his firearm. The Defendant then continued his high speed flight that endangered pursuing officers, civilian motorists, and pedestrians, ultimately escaping because agents could not continue to follow him due to the high risk nature of the chase in a heavily traveled area. Moreover, when the police later located the Defendant's vehicle, it had been burned by fire and left in a street in Chicago. The Defendant's argument also fails to appreciate the violent nature of his 1996 conviction for battery, his 1997 conviction for

possessing a firearm in public, which arose out of an incident where he fired numerous shots at a female victim causing debris from a house to hit her in the legs, and his 2000 conviction for aggravated, unlawful use of a weapon/vehicle.

As an additional point of argument, the Defendant urges the Court to reduce his sentence to the low-end of the revised range on grounds that it is required to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. The Defendant makes no comparison with actual defendants, but simply cites the broad range of sentences that are available for drug offenses post-*Booker*, and the Court does not find his arguments on this point persuasive.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Reconsideration or Alternatively, Renewed Motion for Modification of Sentence [DE 361] is DENIED.

SO ORDERED on October 22, 2009.

                                      s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT